Chief Justice Robertson,
delivered the opinion of tho court.
This is an action o( debt on a replev-in bond, alleged to have been taken in the state of Illinois, in satisfaction of a judgment which had been rendered by a court of that state. The case was-managed irregularly in the circuit court, so as to present to this court much immaterial and irrelevant matter. Many objections have been made in this court, to the judgment which was obtained by the defendant against the plaintiff in error for his debt and damages; hut of the various errors assigned, the last is the only one which can affect the judgment, and the only one therefore, which will be considered by this court ; and that is, that the circuit court erred in permitting the defendant in error, to prove by pa-rol testimony the rate of interest in Illinois, the plaintiff in error having objected to such testimony as incompetent.
The only witness, who was sworn to prove the vate of interest in Illinois, stated that the legal rate was six per cent. Consequently, if he,proved any thing, he proved that the rale of interest in Illinois was fixed by law. That law must necessarily be a public and written law, for if it be not a positive statute, enacted by the legislature of Illinois, it must be some pre-existing statute of England or Virginia, recognized by the constitution of Illinois, or must be an express provision of her constitution.
The production of the law itself, .would therefore have been the best evidence, and no inferior grade 0f testimony was admissible, as its competency was • , ' *201 'sbjefcted ta. As therefore, the plaintiff in error objected to the parol evidence, the circuit court erred in admitting it as competent.
Taiot, for appellant-; Crittenden, for appellee.
Wherefore, the,judgment is reversed and the cause remanded for a new trial.